UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY CRIVELLO RUSSO,

                Plaintiff,

   -against-                                       9:12-CV-1815 (LEK/ATB)

STEPHEN DUPREY; *et al.*,

                Defendants.
_____

## DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff's Amended Complaint is before the Court for review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dkt. No. 13 ("Amended Complaint"). Plaintiff initially filed a Complaint asserting claims pursuant to 42 U.S.C. § 1983, together with an Application to proceed *in forma pauperis*. Dkt. Nos. 1; 2 ("IFP Application"). The Court granted Plaintiff's IFP Application, but dismissed the Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Dkt. No. 8 ("June Order"). Plaintiff then filed an Amended Complaint. Am. Compl. For the following reasons, the Court dismisses this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted.

**II.    DISCUSSION**

    **A.  Review of the Amended Complaint**

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A was discussed at length in the June Order and will not be restated here. See June Order at 2-4. Taking into account Plaintiff's *pro se* status, the Court construes the allegations in the Amended Complaint liberally. See, e.g., Haines v. Kerner, 404 U.S.

519, 521 (1972) (holding that a *pro se* litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers"). For the reasons discussed below, the Amended Complaint does not cure the deficiencies identified in the original Complaint.

The Amended Complaint alleges that (1) Defendants Molinar and Morgiewicz created the "unconstitutional [pre-sentence report]" ("PSR") during Plaintiff's pre-sentence interview at Middletown, New York, on July 10, 2005, in connection with Plaintiff's criminal trial and conviction; (2) Defendants Duprey and Robert violated Plaintiff's Fourteenth Amendment rights by using the PSR at Plaintiff's parole hearings at Bare Hill Correctional Facility on April 17, 2008 and at Great Meadow Correctional Facility on October 12, 2010; (3) Defendants violated Plaintiff's Eighth Amendment rights by using the PSR to deny Plaintiff access to prison programs; (4) the PSR violated Plaintiff's Fifth Amendment rights by exposing him to double jeopardy; and (5) the PSR denied Plaintiff meaningful right to a jury trial in contravention of Plaintiff's Sixth and Seventh Amendment rights. Am. Compl. at 5-7. As relief, Plaintiff requests an award of compensatory and punitive damages, an order directing that the PSR be removed from his inmate record, and his "immediate release." Am. Compl. at 7.

   *1. Claims That Arose Prior to December 3, 2009*

In § 1983 actions, the applicable statute of limitations is the "general or residual [state] statute [of limitations] for personal injury actions." Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002) (quoting Owens v. Okure, 488 U.S. 235, 249-50 (1989)). In New York, that statute of limitations is three years. Pearl, 296 F.3d at 79; see also N.Y. C.P.L.R. 214(5). Although state law provides the relevant limitations period, federal law determines when a § 1983 action accrues, which is "when the plaintiff knows or has reason to know of the harm." Connolly v. McCall, 254

2

F.3d 36, 41 (2d Cir. 2001). Thus, a claim accrues when a "plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." Singleton v. City of New York, 632 F.2d 185, 192 (2d Cir. 1980). In "rare and exceptional" cases, the doctrine of equitable tolling or equitable estoppel may be invoked to defeat a defense that the action was not timely filed. See Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007).

Plaintiff's original Complaint was filed, at the earliest, on December 3, 2012.[1] Compl. at 7. Thus, the claims that arose prior to December 3, 2009—that Defendants Molinar and Morgiewicz created the PSR on July 10, 2005 and Defendants Duprey and Robert used the PSR at Plaintiff's parole hearing on April 17, 2008—are dismissed as untimely filed. While typically a court should not dismiss a claim as time-barred without providing a *pro se* plaintiff with notice and an opportunity to be heard as to whether there might be a meritorious tolling argument or other reason why the complaint might be considered timely filed, see Abbas, 480 F.3d at 640-41, Plaintiff has also failed to state a claim upon which relief could be granted.

   2. *Creation or Use of a False Record*

To support his claims, Plaintiff submits a portion of his state criminal sentencing minutes. See Am. Compl. at 7 (alleging that the statement in his PSR that he "was convicted of confronting a police officer with a weapon was erroneous"); Dkt. No. 13-1 at 1 (claiming that sentencing minutes show that plaintiff was convicted of "'Constructive Possession of a weapon' not Criminal

---

[1] Under the "prison mailbox rule," the date of filing is deemed to be the date that the prisoner delivered his complaint to a prison guard for mailing to the court; absent other evidence, this is presumed to be the date that the complaint was signed. See Houston v. Lack, 487 U.S. 266, 276 (1988); Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001). Plaintiff signed his original Complaint on December 3, 2012, see Compl. at 7, and, in light of Plaintiff's *pro se* status, the Court will presume that Plaintiff "brought" this action on that date.

3

Possession of [a] weapon" and that he was "exonerated" on the charge of "confronting a police officer with a weapon").

However, even if Plaintiff could prove that the PSR contained false or inaccurate information, his claim would nevertheless fail because, as the Court noted in the June Order:

> The Second Circuit has not recognized that prisoners have a constitutional right to have incorrect information expunged from their files. LaBounty v. Coombe, 208 F.3d 203 (2d Cir 2000). Thus, Plaintiff has no right to have the PSR removed from his inmate records.

June Order at 9. Finally, probation officers are entitled to absolute immunity for their role in preparing a PSR. See Hili v. Sciarrotta, 140 F.3d 210, 214 (2d Cir. 1998).

As a result of the foregoing, Plaintiff's requests to expunge the PSR from his records, or to obtain damages from Defendants for the allegedly false PSR, are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### 3. *Plaintiff's Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment Claims*

Plaintiff reasserts his claims that the use of the allegedly false PSR to deny him prison programs violated: (1) his right to be free from Double Jeopardy under the Fifth Amendment; (2) his right to trial by jury under the Sixth and Seventh Amendments; (3) his right to be free from cruel and unusual punishment under the Eighth Amendment; and (4) his Fourteenth Amendment due process rights. He provides no additional factual detail. For the same reasons set forth in the June Order, see id. at 5-9, Plaintiff's claims regarding the use of the PSR to deny Plaintiff prison programs are dismissed in their entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### 4. *Defendants Elovich, Ross, and Crangle*

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite

4

to an award of damages under section 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010); Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted). To prevail on a § 1983 action against an individual, a plaintiff must show a tangible connection between the constitutional violation and the particular defendant. Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986). A complaint that fails to allege a defendant's personal involvement in the alleged unlawful conduct is "fatally defective on its face," Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987), and thus is appropriate for dismissal by the Court pursuant to 28 U.S.C. § 1915(e).

Upon review of the Amended Complaint, the Court notes that Elovich, Ross, and Crangle are named as Defendants, but are not mentioned anywhere in the body of the Amended Complaint. See Am. Compl. In the absence of factual allegations sufficient to plausibly suggest that these individuals were personally involved in conduct violative of Plaintiff's constitutional or statutory rights, the Amended Complaint fails to state a cognizable claim against them. See Cipriani v. Buffardi, No. 06-CV-0889, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff."). As a result, Elovich, Ross, and Crangle are dismissed from this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### 5. *Request for Immediate Release*

In addition to requesting monetary damages and expungement of his PSR from his inmate records, the Amended Complaint now also requests Plaintiff's "immediate release." Am. Compl. at 7. Plaintiff does not explain the basis for his request for his release from incarceration. In any event, such relief is not available in a § 1983 action. "[H]abeas corpus—not a § 1983 action—provides the sole federal remedy where a state prisoner challenges the fact or duration of

5

his imprisonment." Channer v. Mitchell, 43 F.3d 786, 787 (2d Cir. 1994) (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)). Therefore, Plaintiff's claim seeking his "immediate release" is dismissed.

### B. Opportunity to Amend

After reviewing Plaintiff's Amended Complaint, the Court cannot discern a factual or legal basis for this action. Insofar as Plaintiff seeks his "immediate release," that claim is dismissed without prejudice. See Amaker v. Weiner, 179 F.3d 48 (2d Cir. 1999) (stating that dismissal under Preiser is without prejudice; if a plaintiff's conviction or sentence is later declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated). For the reasons set forth above and in the June Order, and because Plaintiff has already had an opportunity to amend his claims, the Court finds the flaws in the remainder of the Amended Complaint to be substantive, rather than merely formal. Thus, leave to amend would be futile, and the Court dismisses these claims with prejudice. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Pucci v. Brown, 423 F. App'x 77, 78 (2d Cir. 2011).

## III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's claim seeking his "immediate release" is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the remainder of the Amended Complaint (Dkt. No. 13) is **DISMISSED with prejudice**. The Clerk is directed to enter judgment in favor of the Defendants and close this case; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED**.

DATED: March 11, 2014
Albany, New York

Lawrence E. Kahn
U.S. District Judge