UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY CRIVELLO RUSSO,

                    Plaintiff,

        -against-                                    9:12-CV-1815 (LEK/ATB)

STEPHEN DUPREY, *et al.*,

                    Defendants.
_____

## DECISION and ORDER

*Pro se* Plaintiff Anthony Crivello Russo commenced this action by filing a Complaint and an

Application to proceed *in forma pauperis*.  Dkt. Nos. 1 ("Complaint"), 3 ("IFP Application").  The

Court granted Plaintiff's IFP Application and dismissed the Complaint pursuant to 28 U.S.C.

§§ 1915(e) and 1915A, affording Plaintiff the opportunity to submit an Amended Complaint.  Dkt.

No. 8 ("June Order").  Plaintiff filed an Amended Complaint, which alleges that (1) Defendants

Cynthia Molinar and Vincent Morgiewicz created an "unconstitutional" pre-sentence report ("PSR")

during Plaintiff's pre-sentence interview at Middletown, New York, on July 10, 2005, in connection

with Plaintiff's criminal trial and conviction; (2) Defendants Stephen Duprey and Lori Robert

violated Plaintiff's Fourteenth Amendment rights by using the PSR at Plaintiff's parole hearings at

Bare Hill Correctional Facility on April 17, 2008, and at Great Meadow Correctional Facility on

October 12, 2010; (3) Defendants violated Plaintiff's Eighth Amendment rights by using the PSR to

deny Plaintiff access to prison programs; (4) the PSR violated Plaintiff's Fifth Amendment rights by

exposing him to double jeopardy; and (5) the PSR denied Plaintiff meaningful right to a jury trial in

contravention of Plaintiff's Sixth and Seventh Amendment rights.  Dkt. No. 13 ("Amended

Complaint") at 5-7.  Plaintiff sought monetary damages, an order directing that the PSR be removed

from his inmate record, and his "immediate release." Id. at 7. In a Decision and Order dated March 11, 2014, the Court reviewed the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A and dismissed Plaintiff's claim seeking his "immediate release" without prejudice,[1] and dismissed the remainder of the Amended Complaint with prejudice. Dkt. No. 15 ("March Order"). Judgment dismissing this action was entered on March 11, 2014. Dkt. No. 16. Currently before the Court is Plaintiff's Motion for reconsideration of the March Order. Dkt. No. 17 ("Motion").

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir.), cert. denied, 464 U.S. 864 (1983)). The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." Id. Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).

Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available. Therefore, the only basis for reconsideration is to remedy a clear error of law or to prevent manifest injustice. As best as the Court can discern, Plaintiff alleges that public servants act as fiduciaries on behalf of those whom

---

[1] Plaintiff was advised that insofar as he sought his immediate release, "[H]abeas corpus—not a § 1983 action—provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment." March Order at 5-6 (citations omitted).

they serve, and are required to tell the truth and to create documents that are true and correct, or "suffer the consequences of their actions or inactions." Mot. at 1. Construed liberally, Plaintiff appears to allege that Defendant Parole Officer Duprey owed a fiduciary responsibility to Plaintiff, which Defendant Duprey breached.[2] Id. As a result, Plaintiff requests that the March Order be reversed and that Plaintiff be released to parole supervision. Id.

Upon review of the March Order, the Court finds that it is not subject to attack for clear error or manifest injustice. Thus, Plaintiff's Motion for reconsideration is denied.

Accordingly, it is hereby

**ORDERED**, that Plaintiff's Motion (Dkt. No. 17) for reconsideration is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

DATED:      May 29, 2014
            Albany, NY

Lawrence E. Kahn
U.S. District Judge

---

[2] The Amended Complaint alleges that a state "official has the fiduciary responsibility" to make sure that the official does not violate anyone's constitutional rights. Am. Compl. at 5. Plaintiff claimed that Defendant Duprey violated his "fiduciary responsibility" to Plaintiff by "utiliz[ing] the unconstitutional PSR" at Plaintiff's parole hearing on April 17, 2008. Id.

3